UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ZOYA SNEGUR, ET AL.,

                Plaintiffs,

- against -

GRUPO IBEROSTAR, ET AL.,

                Defendants.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
14-CV-4445 (ILG) (JO)

GLASSER, Senior United States District Judge:

      While staying at the Iberostar Grand Hotel Rose Hall in Jamaica, Zoya Snegur was injured in a slip-and-fall accident. Asserting claims for negligence and loss of consortium, Ms. Snegur and her husband ("Plaintiffs") bring this diversity action against five defendants, who have moved to dismiss the complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). For the following reasons, the motion is GRANTED.

# 1    BACKGROUND

## 1.1    Facts

      Plaintiffs are New York residents. Amended Compl., Dkt. 21, ¶ 2. Plaintiffs allege that on December 13, 2013, Ms. Snegur slipped and fell on a wet floor at the Iberostar Grand Hotel Rose Hall (the "Grand Hotel") in Jamaica. Id. at ¶ 55. Plaintiffs claim that the floor was improperly maintained, and charge the defendants with negligence. Id. at ¶¶ 53–64.

      The Amended Complaint names five defendants ("Defendants"), but only three are suable entities (the fourth, the Iberostar Grand Hotel Rose Hall, is a place; the fifth, Iberostar Hotels and Resorts, is a trademark). The first defendant, Branch Development Ltd. ("Branch"), a Jamaican entity, owns and operates the Grand Hotel. The second defendant, Iberostar Hoteles y Apartamentos, S.L. ("Iberostar"), is a Spanish entity that "indirectly own[s]" the Grand Hotel through an unspecified interest in Branch. Llompart Dep., Dkt. 41-4, at 28. The third defendant,

1

Grupo Iberostar, is a private association registered in Spain that owns the Iberostar Hotels and Resorts trademark. None of the Defendants have offices, property, employees, or bank accounts in New York.[1]

Plaintiffs arranged their hotel stay by phone with Brooklyn-based travel agent Irina Porter. Porter has no relationship with Defendants: she reserved Plaintiffs' hotel room through an out-of-state agency, Apple Vacations.[2] Before selecting the Grand Hotel, Mr. Snegur purportedly viewed its website, which contains testimonials regarding maintenance and safety. Plaintiffs claim those testimonials caused them to select the Grand Hotel over alternatives.[3]

## 1.2 Procedural History

Seven months after the injury, on July 23, 2014, Plaintiffs commenced this suit by filing a complaint against four defendants: Iberostar, Grupo Iberostar, Iberostar Grand Hotel Rose Hall, and Iberostar Hotels and Resorts. Dkt. 1. On September 25, 2014, those defendants answered the complaint, raising lack of personal jurisdiction as an affirmative defense. Dkt. 10.

Several weeks later, on November 4, 2014, the parties appeared for an initial status conference before Magistrate Judge Orenstein. Dkts. 15–16. In subsequent months, they made initial disclosures and discovery demands. See Status Report dated February 9, 2015, Dkt. 17.

---

[1] Iberostar engages an international public-relations firm, Edelman Consumer Marketing Company ("Edelman"), with a substantial presence in New York. See Decl. of Alec Sauchik, Dkt. 41 ("Sauchik Decl."), at ¶¶ 23–29. Edelman is not a travel agency, however, and there is no evidence that Edelman and Plaintiffs interacted. See Decl. of Kenneth G. Gerard, Dkt. 39 ("Gerard Decl."), at ¶ 16.

[2] Apple is incorporated in Delaware and headquartered in Pennsylvania. Gerard Decl. at ¶ 17.

[3] See Affidavits of Dmitriy Snegur and Zoya Snegur Opposing Motion to Dismiss, Dkts. 42-1, 42-2. Plaintiffs' affidavits are in tension with earlier deposition testimony. Mr. Snegur testified that Porter suggested three resorts, and that he "think[s]" he "looked them up" but does not remember whether he visited the hotel's website. Dkt. 32-7, at 9–11. He further testified that Porter did not direct him to any website. Id. at 11. Mr. Snegur testified that the hotel "came recommended" as an adult-only resort with attentive service, and that he and his wife "were . . . told" that it "was the best option for us because the other[] [resorts] were older[;] we chose that one." Id. at 10–11.

On May 12, 2015, the parties appeared for a second conference. Dkt. 20. One week later, on May 19, Plaintiffs filed an amended complaint, naming Branch as a defendant. Dkt. 21. Meanwhile, Defendants deposed Plaintiffs and conducted a medical examination of Ms. Snegur.

Nine days later, on May 28, Defendants answered and moved to dismiss the amended complaint for lack of personal jurisdiction. Dkts. 26–28. The parties initiated further discovery, exchanging documents and interrogatories and conducting two Rule 30(b)(6) depositions of Defendants. Later, Defendants amended their motion to dismiss, which was fully briefed on August 10. Dkts. 32–35, 39–42.

## 2   LEGAL STANDARD

A plaintiff bears the burden of establishing personal jurisdiction over a defendant on a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure. Metropolitan Life Ins. Co. v. Robertson–Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). Where, as here, there has been jurisdictional discovery but no evidentiary hearing or trial, the plaintiff must make a "prima facie showing . . . of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant." Ball v. Metallurgie Hoboken–Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). All pleadings and affidavits must be construed, and ambiguities resolved, in the plaintiff's favor. Overseas Media, Inc. v. Skvortsov, 407 F. Supp. 2d 563, 567 (S.D.N.Y. 2006).

## 3   DISCUSSION

Plaintiffs assert three alternative bases for personal jurisdiction over Defendants. First, Plaintiffs argue that Defendants are covered by New York's long-arm statute. Second, Plaintiffs claim that Defendants, in a website legal notice, contractually consented to the jurisdiction of New York courts. Third, Plaintiffs argue that Defendants have forfeited their challenge to personal jurisdiction by not asserting it until May 28, 2015, after engaging in pretrial activity. Each of these claims is addressed in turn.

**3.1    New York's Long-Arm Statute**

Generally, in a diversity action, a district court "may exercise personal jurisdiction to the same extent as the courts of general jurisdiction of the state in which it sits." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 124 (2d Cir. 2002) (citing Fed. R. Civ. P. 4(k)(1)(A)). However, the exercise of personal jurisdiction over a defendant must be consistent with the Fourteenth Amendment's Due Process Clause. Arrowsmith v. United Press Int'l, 320 F.2d 219, 223 (2d Cir. 1963). Accordingly, the determination of whether a defendant is subject to personal jurisdiction requires a two-part inquiry: (1) the court must determine whether New York's long-arm statute, CPLR §§ 301–302, authorizes jurisdiction over the defendant; and (2) if the statute authorizes jurisdiction, the court must ensure that the exercise of jurisdiction would be consistent with due process. See Bank Brussels, 305 F.3d at 124; En Vogue v. UK Optical Ltd., 843 F. Supp. 838, 842 (E.D.N.Y. 1994).

Plaintiffs invoke CPLR § 302(a)(1), which permits courts to exercise jurisdiction over non-domiciliaries who purposefully transact business within New York, provided the transaction gave rise to the plaintiff's cause of action. A transaction gives rise to a cause of action if it is substantially related to one or more elements of the claim. See Licci v. Lebanese Canadian Bank, 20 N.Y.3d 327, 340 (2012); Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 467 (1988).

Assuming, without deciding, that Defendants have transacted business in New York, the transactions did not give rise to the cause of action and thus do not supply a basis for jurisdiction under Section 302(a)(1). "Courts have consistently held that the in-state activity of booking a hotel room is too remote from negligence alleged to have taken place at a foreign hotel to satisfy Section 302." Hinsch v. Outrigger Hotels Hawaii, 153 F. Supp. 2d 209, 213 (E.D.N.Y. 2001) (citations omitted); see also Weinberg v. Club ABC Tours, Inc., 96-CV-2729, 1997 WL 37041, at *3 (E.D.N.Y. Jan. 21, 1997) ("[C]ourts have consistently held that causes of action against

4

foreign hotels, resorts or tour companies for injuries sustained in a foreign locale do not 'arise from' the sale of tickets through an agency in New York because the sale is too remotely related to the negligence action.") (collecting cases); e.g., Stern v. Four Points, 133 A.D.3d 514 (1st Dep't 2015); Mejia-Haffner v. Killington, Ltd., 119 A.D.3d 912 (2d Dep't 2014); Sedig v. Okemo Mountain, 204 A.D.2d 709 (2d Dep't 1994).

Attempting to distinguish these cases, Plaintiffs argue that their cause of action relates to representations about hotel safety that were made on Iberostar's website; they claim these representations induced them to book their stay at the hotel (though that assertion is at odds with their deposition testimony). But Plaintiffs' cause of action lies in tort, not contract. See Amended Compl., Dkt. 21, ¶¶ 53–75. And while the tort of negligent misrepresentation resulting in physical injury has been recognized in New York,[4] it has not been pled in the complaint. The complaint does not allege that Snegur reasonably relied on a false representation that proximately caused her injury; it asserts an ordinary slip-and-fall claim based on Defendants' failure to cure and warn of a specific dangerous condition—a wet floor. See id. Any connection between that claim and the allegation (which is not stated in the complaint) that, months before the injury, the hotel's website contained general representations about safety is far too attenuated to satisfy Section 302(a)(1). See Mejia-Haffner, 119 A.D.3d at 914 (holding that "there is no substantial relationship between [ski resort's] maintenance of a website through which a person in New York could purchase services and the alleged tort that occurred [at the ski resort]").

Plaintiffs' motion papers do not assert another statutory basis for personal jurisdiction over Defendants, and there is none: Defendants did not supply goods or services in New York, commit a tort in New York, cause injury in New York, use property in New York, or maintain a

---

[4] Heard v. City of New York, 82 N.Y.2d 66, 73 (1993); see generally Restatement (Second) Torts § 311.

continuous and systematic presence in New York. See generally C.P.L.R. §§ 301, 302(a)(2)–(4); Frummer v. Hilton Hotels Int'l. Inc., 19 N.Y.2d 533, 536 (1967); Weinberg, 1997 WL 37041, at *2. Accordingly, unless Defendants have consented to, or forfeited their right to challenge, the jurisdiction of New York courts, the complaint must be dismissed.

## 3.2  Consent

Plaintiffs contend that Defendants have consented to personal jurisdiction in New York by way of a website legal notice, which provides in relevant part:

> The Web Site's owner and the user, expressly waiving any other jurisdiction, subject themselves to the Courts of the user's legal residence for any dispute that may arise from use of the Web Site or of the services tied to it.[5]

Plaintiffs argue that because they purportedly reviewed the website before booking their stay at the Grand Hotel, their dispute "arise[s] from use of the Web Site or of the services tied to it." Not so. Assuming, for the sake of argument, that the notice is part of a contract between Plaintiffs and Defendants, the notice still does not cover this dispute: the website provides promotional and booking services, while the dispute arises from unrelated negligence at the hotel. Therefore, there is no evidence that Defendants consented to jurisdiction in New York.

## 3.3  Forfeiture

Plaintiffs argue that Defendants forfeited their challenge to personal jurisdiction by engaging in pretrial activity and waiting until May 28, 2015 to file their motion to dismiss.

"[A] 'delay in challenging personal jurisdiction by motion to dismiss' may result in waiver [or forfeiture], 'even where . . . the defense was asserted in a timely answer.'" Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 60 (2d Cir. 1999) (quoting Datskow v. Teledyne, Inc., 899 F.2d 1298, 1303 (2d Cir. 1990)). In assessing whether forfeiture occurred, courts consider all of

---

[5] Sauchik Decl. at ¶ 49. The website—www.iberostar.com—is owned by Iberostar. Id. at ¶ 50.

the relevant circumstances, including, for example, "the defendant's delay in bringing the motion, the extent of pretrial activity that has taken place, and the opportunities that existed to assert the motion." Phat Fashions, L.L.C. v. Phat Game Athletic Apparel, Inc., 00-CV-201, 2001 WL 1041990, at *3 (S.D.N.Y. Sept. 7, 2001); see also Hamilton, 197 F.3d at 60–61. "Typically, courts have found forfeiture only if the party waited years before moving or engaged in substantial pre-trial activity. Conversely, courts have generally declined to find forfeiture when a party waited only months, absent significant pre-trial activity." Infinity Consulting Grp., LLC v. Am. Cybersystems, Inc., 09-CV-1744, 2010 WL 2267470, at *2 (E.D.N.Y. May 30, 2010). Moreover, the Second Circuit has instructed courts to "approach the waiver issue with . . . enhanced caution" and to "be slower to find waiver" where the "defense challenges application of New York's long-arm statute" rather than improper service. Hamilton, 197 F.3d at 60.

Defendants did not forfeit their challenge to personal jurisdiction in this case. Their answers to the original and amended complaints asserted it as an affirmative defense. Their motion to dismiss was filed on the same day as the answer to the amended complaint, on May 28, 2015, albeit eight months after four of the defendants answered the original complaint. During the preceding months, Branch was not a defendant, and the other defendants disputed whether they are proper parties to the lawsuit. See Jackson v. Cty. of Nassau, 339 F. Supp. 2d 473, 480 (E.D.N.Y. 2004) (holding that "[d]efense counsel's participation in this action on behalf of the other named defendants cannot be held to result in a forfeiture of the right of" a different defendant). Although the defendants engaged in discovery, most discovery focused on jurisdictional issues and occurred after the amended complaint was filed on May 19, 2015. These circumstances and the absence of prejudice to Plaintiffs preclude a finding of forfeiture. Cf. Biro v. Conde Nast, 11-CV-4442, 2014 WL 4851901, at *7 (S.D.N.Y. Sept. 30, 2014) (no forfeiture

7

where defendant filed a motion to dismiss "eleven months after filing her answer," and, "[i]n the interim, the parties were engaging in jurisdictional discovery, a process that generated disputes as late as" one month before the motion); Infinity Consulting Grp., 2010 WL 2267470, at *2 (no forfeiture where defendants "waited less than ten months" to file motion to dismiss and the plaintiff vaguely alleged that they "participated in the discovery process").

## CONCLUSION

Defendants' 12(b)(2) motion to dismiss the complaint is granted.

SO ORDERED.

Dated: Brooklyn, New York
January 6, 2016

/s/
I. Leo Glasser
Senior United States District Judge